IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| JOHN T. O'BARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:11-CV-177 |
| | ) |
| UNITED PARCEL SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

## **ORDER**

This civil action is before the court for consideration of several motions *in limine* filed by defendant [docs. 90, 92, 94, 96, 98]. Plaintiff has filed responses respectively [docs. 109, 108, 110, 113, 111].

Motion *in Limine* to Bifurcate Trial [doc. 90]

Defendant moves to bifurcate the trial to separate the liability and damages phases. Alternatively, defendant moves to separate only the punitive damages issue from the remainder of the trial. Plaintiff responds that there is overlap in the liability and damages issues and that judicial economy would not be served by having a completely separate damages phase.

Whether to bifurcate a trial is entirely within the discretion of the district court. *See Bath & Body Works, Inc. v. Luizer Personalized Cosmetics, Inc.*, 76 F.3d 743, 747 (6th Cir. 1996). This court routinely bifurcates the issue of punitive damages from the liability

issues and will do so in this case. However, the court does not believe that there is a sufficient showing to completely separate all damages from the liability phase of the trial and will not do so.

Therefore, defendant's motion is **GRANTED IN PART and DENIED IN PART**. The motion is **GRANTED** to the extent that the issue of punitive damages will be considered separately from the liability phase. The motion is **DENIED** to the extent it seeks to bifurcate all damages from the liability phase.

### Motion *in Limine* to Exclude Recordings of Transcripts of Conversations Between Plaintiff and UPS Employees [doc. 98]

Defendant moves to exclude completely any information regarding conversations between plaintiff and UPS employees, including the audio and written transcripts of the recordings prepared by plaintiff. Defendant contends that plaintiff surreptitiously recorded the conversations and that they contain inadmissible hearsay. Plaintiff responds that defendant did not provide complete transcripts and he does so with his response. Plaintiff states that he recorded the meetings with his cell phone that was placed openly on the table. The meetings concerned plaintiff's request for a religious accommodation. Plaintiff further states that he is only interested in the statements made by David Standish, who as a manager of UPS is a party opponent and his statements are not hearsay.

2

The written transcripts were prepared by plaintiff and have no certification of authenticity stating that they are true, accurate, and complete transcriptions of what was actually said at the meetings. Therefore, the court will exclude the written transcripts prepared by plaintiff. The motion is **GRANTED** as to the written transcripts. Those may not be admitted into evidence.

As to the actual audio recordings, they can be used for impeachment purposes. Plaintiff can question witnesses regarding the statements made to plaintiff in the meetings. Should the testimony not be consistent with the recordings, plaintiff can play the relevant portion of the actual audio recording for impeachment purposes. The motion is **DENIED** as to the audio recordings, which can be used as specifically set forth in this order.

<u>Motion *in Limine* to Limit Plaintiff's Evidence
of Embarrassment and Humiliation [doc. 92]</u>

Defendant moves to limit plaintiff's evidence relating to his alleged embarrassment and humiliation to the testimony provided in his deposition. Defendant argues that plaintiff explicitly waived his right to further damages for emotional distress by objecting to the discovery of his medical records. Plaintiff responds that he will not introduce medical records or evidence as to medical care or treatment because he seeks only the "garden variety" type of embarrassment and humiliation damages.

Plaintiff has made it very clear that he is seeking only "garden variety" emotional distress. This type of emotional distress does not assert "psychic injury or

3

psychiatric disorder." *E.E.O.C. v. New Breed Logistics*, No. 10-2696-STA-tmp, 2013 WL 1729716, at *1 (W.D. Tenn. Apr. 22, 2013). "It is well settled that Title VII plaintiffs can prove emotional injury by testimony without medical support." *Turic v. Holland Hospitality, Inc.*, 85 F.3d 1211, 1215 (6th Cir. 1996). Nevertheless, "damages for mental and emotional distress will not be presumed and must be proven by 'competent evidence.'" *Id*. "A plaintiff's own testimony, along with the circumstances of a particular case, can suffice to sustain the plaintiff's burden in [establishing compensatory damages]." *Id*.

No basis has been provided to limit plaintiff to the extent of his non-medical embarrassment and humiliation, although as always plaintiff's deposition can be used for impeachment purposes. Plaintiff and his wife will be permitted to testify at trial as to the embarrassment and humiliation plaintiff has experienced. Defendant's motion is **DENIED**.

<u>Motion *in Limine* to Exclude Evidence of Schedules
Adopted After Plaintiff's Termination [doc. 94]</u>

Defendant moves pursuant to Federal Rules of Evidence 402 and 403 to exclude any testimony, evidence, or reference to shift schedules for the P.E. Mechanics in the Knoxville Hub after plaintiff's termination, including the Saturday/Sunday work shifts adopted in 2011. Defendant argues that the evidence is not relevant to plaintiff's claims and its admission risks substantial undue prejudice to defendant and confusion of issues. Defendant argues that changed business conditions after plaintiff left resulted in the subject schedule changes, circumstances that were not present when plaintiff's religious

4

accommodation was being considered.  Further, defendant argues that even if the evidence is relevant, allowing the evidence in would create the substantial risk of unfair prejudice to UPS and likely mislead the jury.

Plaintiff responds that the evidence is relevant.  Plaintiff sought a Sunday accommodation, and defendant said that it could not be done and that such a schedule would create an undue hardship on UPS.  Yet, after plaintiff was terminated, a weekend schedule was desirable and doable.  Plaintiff also argues that when he was seeking a religious accommodation one of defendant's main arguments for its schedule changes was the need to increase downtime because the Knoxville Hub was the "worst" in the nation, or at least one of the worst.  The implementation of the change of schedule to employ a Sunday schedule is relevant to this issue.  Further, plaintiff argues that defendant contends that use of a Sunday schedule raised concerns about whether the Collective Bargaining Agreement ("CBA") would allow a work shift on Sunday.  Yet a Sunday schedule has been implemented, with the continued existence of the CBA.  Basically, plaintiff argues that the implementation of a Sunday schedule subsequent to plaintiff's termination goes to the issue of whether such a schedule was feasible when plaintiff requested it as a religious accommodation. Plaintiff further contends that such evidence is not unfairly prejudicial and that the probative value of this evidence substantially outweighs the danger of prejudice or confusion.

5

The Federal Rules of Evidence define relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." *Tompkin v. Philip Morris USA, Inc.*, 362 F.3d 882, 897 (6th Cir. 2004) (quoting Fed. R. Evid. 401). "Irrelevant evidence is not admissible." Fed. R. Evid. 402. While "[a]ll relevant evidence is admissible," there are circumstances when such evidence can be excluded. *Tompkin*, 362 F.3d at 897 (citing Fed. R. Evid. 402, 403). "The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.[1] District courts have broad discretion regarding decisions of admissibility of evidence. *Tompkin*, 362 F.3d at 897 ("Broad discretion is given to district courts in determinations of admissibility based on considerations of relevance and prejudice, and those decisions will not be lightly overturned.") (citations omitted); *Maday v. Pub. Libraries of Saginaw*, 480 F.3d 815, 819 (6th Cir. 2007) (citing *Tompkin*).

The court agrees with plaintiff that this evidence is relevant and that its probative value outweighs any danger of unfair prejudice, confusion, or misleading of the jury. At the time plaintiff sought a Sunday schedule as a religious accommodation, UPS

---

[1] The language of Rule 403 was amended in 2011. The changes are stylistic only. "There is no intent to change any result in any ruling on evidence admissibility." Fed. R. Evid. 403 advisory committee's note.

made it clear that it considered operational goals and operational concerns to be critical, and it concluded that a Sunday schedule could not be created to achieve the same operational goals and address operational concerns. Standish, who analyzed a Sunday alternative schedule, stated, "Based on my analysis, I concluded that changing the work schedule to include a Sunday shift would have a substantial, negative impact on UPS's ability to address the reliability issues we were having with the equipment in the Knoxville hub." UPS contends that a change in business circumstances, increased business from Amazon, necessitated the implementation of the Saturday/Sunday schedule. That contention does not address the fact that months before this changed circumstance a Sunday schedule would have resulted in "a substantial, negative impact" on UPS's reliability issues. The evidence is relevant to the legitimacy of defendant's undue hardship defense.

        Nevertheless, the court may exclude relevant evidence it if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues, and misleading of the jury. The court concludes that this is not the circumstance with this evidence. There is no unfairness in allowing plaintiff to address the implementation of a Sunday schedule after plaintiff's termination since UPS was so adamant that such a schedule was not feasible and would have a substantial, negative impact on UPS's ability to address reliability issues. UPS will have the opportunity to explain its position that the change in business circumstances brought about the Sunday schedule.

There will not be any confusion of issues or misleading of the jury, certainly not that would substantially outweigh the probative value of this evidence. UPS will be able to present its position and explain its actions both at the time of plaintiff's request for an accommodation and when it decided to implement a Sunday schedule. Accordingly, defendant's motion is **DENIED**.

Motion *in Limine* to Exclude Evidence of Other Religious
Accommodation, Discrimination, or Retaliation Cases [doc. 96]

Defendant moves pursuant to Rules 402 and 403 to exclude any evidence of any kind or any reference to other religious accommodation or discrimination or retaliation cases that have involved UPS. Specifically, defendant references *Sturgill v. United Parcel Service, Inc.*, a case out of the Western District of Arkansas, and *E.E.O.C. v. Kosloski*, a case out of the Western District of Tennessee. Defendant argues that such cases or internal administrative complaints regarding the religious accommodation requests of others are not relevant to plaintiff's claim in this case. Defendant further argues that even if there is some marginal relevance to such evidence, its probative value would be substantially outweighed by its prejudicial effect, leading to confusion and "mini-trials" resulting from addressing the merits and comparison of the other cases to the one at issue here.

Plaintiff responds in opposition arguing that such evidence is relevant to show corporate malice, which goes to the issue of punitive damages. Plaintiff also contends that other religious cases and complaints involving UPS are evidence of habit under Rule 406.

8

The court does not agree.

Initially, the court concludes that the evidence plaintiff seeks to have admitted does not meet the criteria for habit evidence under Rule 406. "When habit refers to a group, it references the routine practice of an organization." *Infocision Mgmt. Corp. v. Foundation for Moral Law Inc.*, No. 5:08cv1342, 2011 WL 3022002, at *4 (N.D. Ohio July 22, 2011) (internal quotation marks omitted); *see also* Fed. R. Evid. 406. In order to be admissible, an organization's routine practice must be "so automatic, so repetitive, that it might approach evidence of habit; it must be done unwittingly." *Mattner v. Tom A. Jennaro & Assocs.*, No. 89-2366, 1991 WL 159452, at *2 (6th Cir. Aug. 20, 1991) (citation omitted). Rule 406 "reflects the concern that in a large organization it is unlikely that any individual will remember one of a large number of repeated transactions . . . ." *Martin v. Thrifty Rent A Car*, No. 96-2229, 1998 WL 211786, at *4 (6th Cir. Apr. 23, 1998) (citation and quotation omitted). "[B]efore a court may admit evidence of habit, the offering party must establish the degree of specificity and frequency of uniform response that ensures more than a mere 'tendency' to act in a given manner, but rather, conduct that is 'semi-automatic' in nature." *Bowman v. Corr. Corp. of Am.*, 350 F.3d 537, 549 (6th Cir. 2003) (citing *Simplex, Inc. v. Diversified Energy Sys.*, 847 F.2d 1290, 1293 (7th Cir. 1988)).

These standards are not met in this case. There is no showing that defendant's conduct regarding its handling of religious accommodation or discrimination cases was automatic or repetitive or sufficiently frequent to establish habit.

9

The court further concludes that the requested evidence is not relevant to the issues in this case or to the issue of punitive damages. The determination of religious accommodation issues are addressed on an individualized basis in light of the specific facts of each case. The circumstances in *Sturgill* and *Kosloski* or any other cases or administrative complaints do not make the facts of consequence in this case more or less probable. Plaintiff needs to prove his case based upon the facts pertinent to his situation and the conduct exhibited toward him, not that of others who have sought redress against UPS.

Even if the evidence concerning other cases involving UPS were to any degree relevant, such relevance would be outweighed by the substantial risk of unfair prejudice to UPS. The jury could be unfairly influenced and misled by the results reached in other litigated cases or administrative complaints concerning UPS. Giving jurors information about other plaintiffs who have achieved a certain measure of success against UPS could improperly suggest a result in this case, which needs to stand on its own merits. Further, the court would be required to engage in "mini-trials" to address the circumstances of the cases involving other UPS employees in relation to the case at issue here. This case needs to be tried on its own facts and appropriate evidence, not on what did or did not occur with other UPS employees. Therefore, defendant's motion is **GRANTED**.

**IT IS SO ORDERED**.

ENTER:

<pre>
        s/ Leon Jordan        
      United States District Judge
</pre>